UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

No. 22-2694
_____

**Karen Backues Keil, Plaintiff-Appellee**

v.

**Edward Bearden, Defendant-Appellant**

_____

No. 22-2697
_____

**Lynnsey Christie Betz, Plaintiff-Appellee**

v.

**Edward Bearden, Defendant-Appellant**

_____

No. 22-2698
_____

**Ashley Olsen Zieser, Plaintiff-Appellee**

v.

**Edward Bearden, Defendant-Appellant**

_____

No. 22-2699
_____

**Trenady George, Plaintiff-Appellee**

Appellate Case: 22-2694   Page: 1   Date Filed: 11/28/2022 Entry ID: 5221318

v.

Edward Bearden, Defendant-Appellant

_____

Appeal from the United States District Court,
Western District of Missouri
The Honorable Beth Phillips, U.S. District Chief Judge
Nos. 18-cv-06074-BP, 18-cv-06079-BP, 18-cv-06103-BP, 19-cv-06161-BP

_____

APPELLANT'S REPLY BRIEF
_____

>ERIC S. SCHMITT
>Attorney General
>
>NICOLAS TAULBEE
>Assistant Attorney General
>Missouri Bar No. 61065
>615 East 13th Street, Suite 401
>Kansas City, Missouri 64106
>Telephone: (816) 889-5000
>Facsimile: (816) 889-5006
>Nicolas.Taulbee@ago.mo.gov
>*Attorneys for Appellant*

# Table of Contents

**Table of Contents** .................................................................................. i

**Table of Authorities** ............................................................................ ii

**Argument** .............................................................................................. 1

**Conclusion** ............................................................................................. 5

**Certificates of Compliance and Service** ........................................ 6

# Table of Authorities

**Cases**

*Cain v. Armstrong Industries*, 785 F. Supp. 1448 (S.D. Ala. 1992) ..3-4, 5

*Enterprise Bank v. Saettele*, 21 F.3d 233 (8th Cir. 1994) ......................... 1

*J.K.J. v. Polk Cty.*, 960 F.3d 367 (7th Cir. 2020) (en banc) ...................... 4

*Malcolm v. National Gypsum Co.*, 995 F.2d 345 (2d Cir. 1993) ........ 3-4, 5

**Rules**

Fed. R. Civ. P. 42 ................................................................................... 1

## Argument

The district court's decision to consolidate these cases resulted in unfair prejudice to Edward Bearden. A district court's "broad discretion" to consolidate cases is not "unbounded." *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). Consolidation is inappropriate if it would lead to unfair prejudice to a party. Fed. R. Civ. P. 42(b). Here, Bearden stood accused of the violent rape and sexual assault of four former inmates of Chillicothe Correctional Center, which spanned numerous years and locations within the prison. Bearden denied the accusations. At trial, Bearden would have faced the accusations whether the court consolidated the cases or not, but the consolidation affected more than just the plaintiffs' testimony. It enlarged the scope of that testimony and evidence related to each plaintiff, most notably to include damages. It affected the way Bearden defended the accusations and the amount of information through which the jury had to sift. It meant that each plaintiff sat in front of the jury throughout the trial. It also meant that each plaintiff sat in front of the jury when it returned its verdict and had to call someone a liar. In the end, Bearden was unfairly prejudiced by the consolidation.

The effect of consolidation was a confused jury about what allegations fit with which plaintiff and which defenses fit with which allegations. Bearden had to defend against allegations with uncertain dates that occurred from at least 2011 through 2018 in different locations within the prison. Bearden offered testimony and documents that spanned nearly that entire period.[1] He also had to address the issues raised by the phone call with George, which may not have been admissible in the cases other than George's. And while the jury heard testimony from just eleven witness, it is not accurate to say that all would have testified if the cases were tried separately. Appellee's Br. at 25. The witnesses in plaintiffs' cases-in-chief may have all testified if the cases were tried individually. But Bearden played the hand that he was dealt by the consolidation, which necessarily affected the case that he presented and the witnesses called.

Bearden noted the difficulty that confronted the jury by anecdotally referring to plaintiffs' counsel's closing argument. Bearden has not seized "on a stray remark from plaintiffs' counsel's closing, (at

---

[1] Bearden offered shift logs from 2013 through 2018 and his time and attendance records from 2012 through 2018, which amounted to thousands of pages of documents.

2

Appellate Case: 22-2694    Page: 6    Date Filed: 11/28/2022 Entry ID: 5221318

13), in which she inadvertently used one plaintiff's name instead of another's." Appellees' Br. at 27. It was not merely the wrong name; it was the wrong facts. Zieser and Betz were not both porters in vocational education. Zieser did not allege that Bearden sexually assaulted her in a supply closet in vocational education. Zieser did not offer any evidence about vocational education. George did not testify that she worked in the administration building. No one testified that Teresa Davis knew anything about what happened to George. No one testified that Davis knew anything about allegations that occurred in the administration building. Davis had a Facebook conversation with Betz not George. *Cf.* Tr. 815:17-817:13.[2] Having lived with these cases for four years, Plaintiffs' counsel confused the individuals' accusations. The jury lived with the case for a mere four days. It would be unfair to expect more from the jury than plaintiffs' own counsel.

The jury award of $3.5 million in compensatory damages to each plaintiff evinced this confusion. *See Malcolm v. National Gypsum Co.*,

---

[2] Counsel's only clarification of the error was to say, "I'm not going to stand here and tell you what the witness has said because you heard it. I don't want you to remember things the way I tell you because – right? I told you wrong because I mixed up the two women." Tr. 833:6-9.

3

995 F.2d 345, 352 (2d Cir. 1993) (finding "unacceptably strong chance that the equal apportionment of liability amounted to the jury throwing up its hands in the face of a torrent of evidence"); *Cain v. Armstrong Industries*, 785 F. Supp. 1448, 1454-56 (S.D. Ala. 1992) (finding confusion and prejudice manifest in identical damages awarded in consolidated asbestos cases). The award was also unreasonable on the facts.[3] The plaintiffs' allegations of sexual assault were significantly different in number and kind. Betz testified about one incident of digital penetration. Zieser testified about two incidents of digital penetration. Keil testified that she was raped twenty times and sexually assaulted at least ten other times. George testified that she was forced to perform oral sex 45 to 50 times. And, while Dr. Piasecki testified about a counseling need of "years" for each plaintiff, she also testified that the future for each looked different because it depended on the resources available to them, their own life journey, and their own histories (which were also widely varied). Tr. 522:13-523:2. Yet, the jury awarded each of

---

[3] The Seventh Circuit case, *J.K.J. v. Polk Cty.*, 960 F.3d 367 (7th Cir. 2020) (en banc), is largely inapposite. In that case, the sexual assaults of both plaintiffs involved groping and kissing, oral sex and digital penetration, and eventually intercourse. *See* 960 F.3d at 371. Here, the point is the difference in the alleged conduct.

4

the plaintiffs the same amount for compensatory damages. The jury's award of $3.5 million in compensatory damages and $1.5 million in punitive damages for each plaintiff was unreasonable on the facts and grossly excessive. The district court decisions not to grant a new trial and not in the alternative to grant remittitur were manifest abuses of discretion. *See Malcolm*, 995 F.2d at 352; *Cain*, 785 F. Supp. at 1454-56.

## Conclusion

For these reasons, this Court should reverse the district court's order denying Appellant's motion for new trial.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ Nicolas Taulbee*
Nicolas Taulbee, Missouri Bar No. 61065
Assistant Attorney General
615 East 13th Street, Suite 401
Kansas City, Missouri 64106
Telephone: (816) 889-5000
Facsimile: (816) 889-5006
Email: Nicolas.Taulbee@ago.mo.gov
*Attorneys for Appellant*

## Certificate of Compliance and Certificate of Service

I certify this brief was produced using Microsoft Office Word 2010 using the proportionally-spaced Century Schoolbook in 14-point print size, and it contains 956 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

I certify that the brief has been scanned for viruses and is virus-free. All required privacy redactions have been made. The hard copies submitted to the clerk are exact copies of the CM/ECF submission.

I further certify that a true and correct copy of the foregoing document was electronically filed with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system; that all participants in this case are registered CM/ECF users; and that service will be accomplished by the CM/ECF system.

*/s/ Nicolas Taulbee*
Assistant Attorney General